IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| SOUTHGATE SHOPPING CENTER, INC., §<br>　　Plaintiff, §<br> §<br>v. §<br> §<br>THE CINCINNATI CASUALTY §<br>COMPANY, §<br>　　Defendant. § | CIVIL ACTION NO. 5:21-cv-05042-PKH |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff, Southgate Shopping Center, Inc., files this Original Complaint and would show:

### PARTIES

1. Plaintiff, Southgate Shopping Center, Inc. ("Southgate") is an Arkansas Corporation with its principal place of business in Rogers, Arkansas. The property that is the subject of this lawsuit is located in Rogers, Arkansas.

2. Defendant, The Cincinnati Casualty Company ("Cincinnati"), is an Ohio Corporation, with its principal place of business located at 6200 S. Gilmore Road, Fairfield, OH 45014-5141. It can be served with process through its agent for service of process, National Registered Agents, Inc., 1999 Bryan St, Ste 900, Dallas, TX 75201-3136.

### JURISDICTION AND VENUE

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). The Cincinnati Casualty Company is a citizen of Ohio. Southgate is a citizen of Arkansas. An actual controversy exists which arises from damage to Southgate's real and personal property in Rogers, AR. The matter in controversy exceeds $75,000, exclusive of interest and costs.

4.	Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this action occurred in this Court's judicial district and the subject property is located in this Court's judicial district.

## FACTUAL BACKGROUND

5.	Plaintiff and Defendant entered into an insurance contract identified as Policy EPP0049645 (the "Policy") to insure the real and personal property located at 1606-1714 South 8th Street in Rogers, AR 72756 (the "Property"). The Policy covered, among other causes of loss, hail and wind losses which occurred between November 12, 2017 and November 12, 2018. Plaintiff and Defendant have contracted for insurance of the Property for at least the last 16 years, continuing until November 12, 2019.

6.	On or about July 20, 2018, the Property was damaged due to a catastrophic hail and windstorm. Defendant thereafter sent Plaintiff a letter in 2019 conditionally renewing the Policy but increasing the deductible to 5%. Plaintiff inquired with its insurance agent as to the reason for the modification of the Policy. Its local agent replied that recent hailstorms in the area caused Defendant to enact the change.

7.	Plaintiff retained a roofing contractor to investigate whether the Property had evidence of weather damage and to help file a claim with Defendant, if necessary. After filing a claim with Defendant, Plaintiff's roofing contractor and Defendant's adjuster inspected the roofing system on June 24, 2020.

8.	Defendant then hired an engineer with Haag Engineering to inspect the roofing system. Haag Engineering inspected the roofing system on August 10, 2020. Importantly, Haag Engineering concluded, "Our inspection revealed hail had recently impacted the Southgate Shopping Center property." Haag opined the damage occurred between 2013 and 2018, all dates

in which the Property was insured by Defendant. Additionally, causation of the damage occurring after August 2016 is confirmed by Cincinnati's inspection of the Property on August 1, 2016, without identifying any roofing damage.

9. On September 16, 2020, Cincinnati issued partial payment for the damage. However, Plaintiff and Defendant disagree as to the amount of loss.

10. On November 4, 2020, Plaintiff demanded that the Parties resolve the dispute as to the amount of loss via the contractual appraisal provision. Cincinnati refused to participate.

11. Defendant is in breach of the Contract because of its failure to pay the total amount for covered damages in the amount of $2,337,050.32 and its refusal to participate in appraisal constitutes evidence of its bad faith intent.

## CAUSES OF ACTION

12. **Breach of Contract.** Southgate incorporates the allegations of paragraphs 5-11 the same as if fully set forth herein. Southgate and Cincinnati entered into an insurance contract identified as the Policy. Southgate complied with all provisions of the insurance policy, including but not limited to payment of the premiums and timely notice of the loss. Cincinnati breached a material provision of the contract by refusing to pay replacement cost and liquidated damages owed under the Policy after a Covered Cause of Loss. Southgate was damaged by Cincinnati's breach.

13. **Bad Faith.** Southgate incorporates the allegations of paragraphs 5-11 the same as if fully set forth herein. Cincinnati failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the claim when its liability was reasonably clear. Cincinnati is liable for 12% damages as well as attorney's fees pursuant to Ark. § 23-79-208 as well as damages for the tort of bad faith identified in Arkansas Model Jury Instruction-Civil Chapter 23.

## JURY DEMAND

14. **Jury Demand.** Southgate demands a jury.

# PRAYER

15.     Southgate prays that Cincinnati be cited to appear and answer herein and upon hearing that Southgate recover judgment against Cincinnati for the following:

    a.    Contractual damages;

    b.    Attorney's fees for services rendered and that are allowed by law;

    c.    Post-judgment interest and costs;

    d.    Statutory damages;

    e.    Tort damages;

    f.    Exemplary damages; and

    g.    All other relief to which Plaintiff may show itself entitled in law or in equity.

Respectfully Submitted,

/s/ Benjamin D. Doyle
BENJAMIN D. DOYLE
Arkansas State Bar No.: 2020293
**STOCKARD, JOHNSTON BROWN & NETARDUS, P.C.**
P.O. Box 3280
Amarillo, Texas 79116-3280
(806) 372-2202 - Telephone
(806) 379-7799 - Fax
bdoyle@sjblawfirm.com
**ATTORNEYS FOR PLAINTIFF**